| iBARRY, Judge,
concurring with reasons.
The 1984 judgment declared that Carol Melancon should receive the annual $5,000 payment provided that she fulfilled the trust provisions. Years later FNBC filed a rule for judicial interpretation and instructions pursuant to La. R.S. 9:2233 which provides that a trustee in an ordinary or summary proceeding may apply to the court for instructions concerning the trust, the interpretation of the trust instrument, or the administration of the trust. In its rule FNBC noted Mr. Abadie’s request for all records and supporting documentation submitted by Carol Melancon and requested a determination as to Mr. Abadie’s status as a beneficiary and the scope of his right to inspect. On March 4, 1996 the trial court rendered judgment declaring that Mr. Abadie had no beneficial interest in the trust and no right to request records. Mr. Abadie appeals that judgment. He also filed a motion to remand for an evidentiary hearing which was denied by this Court.
Mr. Abadie argues that under La. C.C.P. art.1951 the trial court improperly amended the 12 year old 1984 judgment. FNBC did not file a motion to amend, its rule was for a judicial interpretation, and the 1996 judgment was not an amended judgment. In reasons the trial court noted that the clear intent of the 1984 judgment was to remove *461 Mr. Abadie as a beneficiary; however, the court did not change the judgment. At issue in the rule was whether Mr. Abadie was a beneficiary and whether he should be allowed to inspect the trust records. There is no merit to'FNBC’s arguments relating to La. C.C.P. art.1951.
| gIf there were merit to the argument that the 1996 judgment was an improper amendment of the 1984 judgment, the 1996 judgment would be an absolute nullity and there would be no judgment to reverse.
The 1984 judgment did not decide Mr. Abadie’s beneficiary status. FNBC filed a rule for a decision on that issue. The trial court erred when it declared that Mr. Aba-die, the father of Merlin Abadie, had no beneficiary interest in the trust. He remains a beneficiary.
I respectfully concur.